JUSTICE RICE
specially concurring.
¶52 I concur with the Court’s holding herein.
¶53 The Court concludes that Aceto’s constitutional trial rights were violated “when without warning it excluded him from the courtroom for the remainder of his trial, and refused to allow his return.” See ¶ 48.
¶54 I would not reverse based upon the District Court’s failure to warn Aceto prior to removing him from the courtroom. As the District Court was attempting to warn Aceto (“Now, I’m going to have you restrained if you don’t- .... You abide by my rulings or-”), Aceto went out of control, continuously interrupted the judge, threw things at a witness and presented a safety issue to those in the courtroom. In such cases, removal is appropriate, whether or not the judge is able to utter the *41 typically appropriate warning during the chaos:
Although it would have been preferable for the court to explain to Norde the potential ramifications of his removal, we cannot say that Norde’s removal was improper. We have held that “even absent a warning, a defendant may be found to have forfeited certain trial-related constitutional rights based on certain types of misconduct.” Gilchrist v. O’Keefe, 260 F.3d 87, 97 (2d Cir. 2001).
Norde v. Keane (2nd Cir. 2002), 294 F.3d 401, 413 (emphasis added). The United States Supreme Court in Illinois v. Allen recognized this (“trial judges confronted with disruptive ... defendants must be given sufficient discretion to meet the circumstances of each case” Allen, 397 U.S. at 343, 90 S.Ct. at 1061, 25 L.Ed.2d at 359), as did the concurring and dissenting justices therein (“Due process does not require the presence of the defendant if his presence means that there will be no orderly process at all.” Allen, 397 U.S. at 350, 90 S.Ct. at 1064, 25 L.Ed.2d at 363 (Brennan, J., concurring); “The [Constitution] has room for tolerance, patience, and restraint, but not for sabotage and violence.” Allen, 397 U.S. at 356, 90 S.Ct. at 1067, 25 L.Ed.2d at 366 (Douglas, J., dissenting)).
¶55 However, I agree that the law requires the trial court to permit a removed defendant to reclaim his right to be present upon his assurance that he will conduct himself appropriately, and that the post-removal actions of the District Court here fell short. In Norde, the Court, although approving the defendant’s removal, nonetheless reversed the conviction due to the trial court’s inadequate post-removal efforts to allow the defendant’s continued participation in the trial. Norde, 294 F.2d at 414-15. Thus, I must concur in the Court’s holding.